*Held*, that the further provision that action should be begun within "one year from the time of the alleged accidental injury" meant not a year from the accident, but from the time when the right of action was complete.

Appeal from circuit court, Orange county.

Action by Frances E. Cooper against the United States Mutual Accident Association of the city of New York on a certificate of membership issued by defendant to Theodore H. Cooper, plaintiff's husband, which promised to pay to plaintiff $5,000, should said Theodore H. Cooper die from an injury, and within 90 days from such injury. The policy provided that positive proof of death from causes covered by the certificate must be furnished the association within six months from the happening of the accident, and that claims under the certificate should be payable within 90 days after satisfactory proof. From a judgment for plaintiff, defendant appeals.

Argued before DYKMAN and PRATT, JJ.

*Wm. B. Smith*, for appellant.     *Lewis E. Carr*, for respondent.

PRATT, J. The only point urged against the recovery is that the action was not begun within one year from the time the injury was inflicted that caused the death. The policy requires the action to be begun within "one year from the time of the alleged accidental injury." Defendant claims that the time began to run on December 10th, when the accident happened. Plaintiff argues that the time had not begun to run on January 2d, when death ensued, nor until the proofs were completed, and right of action complete. The action was begun December 29th,—less than a year after the death, but more than a year after the accident. In answer to the contention of defendant the plaintiff points out that, if it be acceded to, cases might well arise where, the death not occurring for nearly 90 days after the accident, and 90 days additional being allowed defendants after the proofs were made satisfactory to them before an action could be maintained, it would be easy for defendants, by raising objections to the proofs, to entirely deprive plaintiffs from having any time within which an action could be brought.

The clause upon which the defense depends is confused, and its meaning is perhaps uncertain. But the court will seek to find a meaning that will be reasonable, and adequately protect the rights of both parties. However it may have been with defendant, it is quite evident the insured could not have understood his rights to depend absolutely upon the good will of the defendant. He must have so interpreted the contract as to allow a reasonable time in which suit could be brought after the right of action was complete. In similar cases the courts have made rulings which authorize us to hold the time of the alleged injury to mean when the proofs are accepted, and the claim is in a condition to be sued. *Ames* v. *Insurance Co.*, 14 N. Y. 253; *Mayor* v. *Insurance Co.*, 39 N. Y. 45; *Hay* v. *Insurance Co.*, 77 N. Y. 235; *Steen* v. *Insurance Co.*, 89 N. Y. 315, 323. This is in accordance with the familiar rule that, where language is ambiguous, it will be construed so as to avoid a forfeiture. *Post* v. *Weil*, 115 N. Y. 371, 375, 22 N. E. Rep. 145; *Jacobs* v. *Spalding*, 71 Wis. 190, 36 N. W. Rep. 608. So, where a party to a contract seeks to destroy its obligation by reason of the breach of a condition, the terms of the contract must be clear and explicit in his favor. *Clinton* v. *Insurance Co.*, 45 N. Y. 464; *Morse* v. *Insurance Co.*, 30 Wis. 540. We think the authorities require us to hold that the plaintiff had 12 months to bring the suit after the right of action was complete. It follows that the judgment must be affirmed, with costs.

---

### TEBO v. CITY OF BROOKLYN.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

MUNICIPAL CORPORATION—CITY LIMITS.

Land under Gowanus bay, within the county of Kings, and abutting on the city of Brooklyn, the successor to the town of Brooklyn, is within the city of Brooklyn.

Appeal from special term, Kings county.

Action by William M. Tebo to restrain the city of Brooklyn from selling plaintiff's land in Gowanus bay for taxes, and to compel the cancellation of the tax. Plaintiff contended that the land, on which was a pier, was not within the city of Brooklyn, because below low-water mark. From a judgment for plaintiff, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Almet F. Jenks, (Richard B. Greenwood, Jr., of counsel,) for appellant. Josiah T. Marean,* for respondent.

PRATT, J. Respondent concedes that the lands under water in Gowanus bay form a part of the county of Kings, but claims that those lands fall within no town. To quote from respondent's printed argument: "The county of Kings includes such land under water, the line running from Red Hook point to the west, along the southern boundary of New York county, to the center of the main channel to the ocean, but the lands under water fall within no town." The idea that land may be within a county, and yet fall within no town, is so peculiar that clear evidence would be required to satisfy us that such has been the legislative intent. We do not find such evidence. On the contrary, section 1 of the charter of 1854 seems to assume that the city of Brooklyn is bounded by the bay of New York, clearly implying that Gowanus bay is included within the limits of Brooklyn. The description of the Twelfth, Twenty-Second, and Eighth wards of Brooklyn, as found in the charter of 1868, seems to assume that Gowanus bay is a part of Brooklyn. Respondent argues that a municipal corporation is not, like a town, a territorial subdivision of a state, for which reason its jurisdiction cannot exist unless clearly given. But Brooklyn was originally a town, and of that town the city is the successor. It follows that the tax was properly levied. The judgment appealed from must be reversed, and, as no benefit can result from a new trial, final judgment should be directed for the defendant, with costs of the special term appeal.